UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00521-FDW-DSC

| | |
|---|---|
| MICHAEL LITTLE, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| HOOK TIRE & SERVICE, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Defendant Hook Tire & Service, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 5). Having considered Defendant's Motion and Memorandum in Support (Doc. No. 4, 5), Plaintiff Michael Little's Response in Opposition (Doc. No. 12), and Defendant's Reply (Doc. No. 15), the Court finds that Plaintiff failed to timely file a Charge of Discrimination with the Equal Employment Opportunity Committee (EEOC). Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED.

**FACTUAL BACKGROUND**

Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964 (Title VII) including both sexual harassment and hostile work environment arising out of the employment relationship with the Defendant. (Doc. No. 1).

On February 10, 2012, Plaintiff filed a Charge of Discrimination with the EEOC citing alleged violations occurring from January 2011 until June 9, 2011, when Plaintiff went on medical leave. (Doc. No. 1, 3-1). The EEOC issued a Dismissal and Notice of Right to Sue dated February 23, 2012, concluding the charge was not timely filed. (Doc. No. 1, 12-2). On May 21,

2012, Plaintiff received an EEOC Notice of Intent to Reconsider revoking the February 23, 2012, Dismissal Notice. (Doc. No. 12-3). A second Dismissal and Notice of Right to Sue was mailed to Plaintiff June 20, 2013, stating the EEOC was unable to conclude that the information obtained established violations of the statutes and made no mention of the timeliness of the charge. (Doc. No. 12-4).

In his Complaint, Plaintiff alleged his Charge of Discrimination was timely filed. (Doc. No. 1). Defendant filed an Answer on January 30, 2014 (Doc. No. 3), followed by a Motion for Judgment on the Pleadings (Doc. No. 4), alleging Plaintiff failed to meet the 180 day requisite filing period pursuant to Title VII.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004) (internal citations omitted). The court, however, need not "accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarranto v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted).

A Rule 12(c) motion is reviewed under a standard similar to that which is used in Rule 12(b)(6) motions to dismiss, with the "key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Id. (internal citations omitted).

The court can decide the case on its merits by considering the pleadings along with any

materials referenced in, incorporated by reference, or attached to the pleadings. FED. R. CIV. P. 10(c).

## ANALYSIS

To maintain a lawsuit based on discrimination, a plaintiff must file a Charge of Discrimination with the EEOC within 180 days of the alleged discriminatory act. 42 U.S.C. 2000e-5(e)(1); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). If a plaintiff fails to file within the requisite time period, the suit is time-barred. Nat'l, 536 U.S. at 103 (holding use of the word 'shall' within the statute "makes the act of filing a charge [of discrimination] within the specific time period mandatory"); see also McCullough v. Branch Banking & Trust Co., 35 F.3d 127 (4th Cir. 1994).

Plaintiff failed to meet the 180 day requisite, filing the Charge of Discrimination on February 10, 2012, two hundred and forty-six days (246) after Plaintiff went on medical leave on June 9, 2011. Plaintiff argues the requisite was met because the EEOC vacated the first Notice of Dismissal that noted late filing, and issued a second, effectively interpreting the charge as timely. This Court notes that an Administrative agency's decisions may be accorded deference, however, their interpretation cannot supersede statutory mandate. Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980) ("[W]e reject the argument that the timeliness requirements would be adequately served by allowing the EEOC to treat a letter received [outside the date requirement] as 'filed . . . .'") Plaintiff's charge was clearly filed forty-six days (46) after the required deadline. Accordingly, Plaintiff's claim is time-barred.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings

(Doc. No. 4) is GRANTED, and Defendant's Request for a Preliminary Hearing pursuant to paragraph 3(c)(ii) of this Court's Initial Scheduling Order is DENIED as it is moot. The Clerk is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: March 13, 2014

Frank D. Whitney
Chief United States District Judge